Tanya J. BURKE, Plaintiff–Appellant,

v.

NIAGARA MOHAWK POWER CORPORATION, Defendant–Appellee.

No. 04–2685–CV.

United States Court of Appeals, Second Circuit.

June 22, 2005.*

* Withdrawn and amended by 2005 WL 2077041.

Tanya J. Burke, Syracuse, NY, for Appellant, pro se.

Robert A. Laberge, Bond, Schoeneck & King, PLLC (Subhash Viswanathan, on the brief), Syracuse, NY, for Appellee.

PRESENT: WALKER, Chief Judge, NEWMAN, and JACOBS, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Tanya J. Burke appeals from the March 31, 2004, judgment of the district court granting summary judgment in favor of Burke's former employer defendant-appellee Niagara Mohawk Power Corporation ("Niagara") and dismissing Burke's complaint alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and § 503 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 793. We assume familiarity with the facts and prior proceedings, including the district court's Memorandum–Decision and Order dated March 31, 2004, as well as with the issues raised on appeal.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We construe a *pro se* litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994), particularly when, as here, the complaint alleges civil rights violations. *See Weixel v. Bd. of Ed.*, 287 F.3d 138, 146 (2d Cir.2002).

■ In its decision granting summary judgment in favor Niagara, the district court dismissed Burke's RA § 503 claim on the ground that § 503 does not provide a private right of action. The district court declined to reconstrue the § 503 claim as one filed under RA § 504, 29 U.S.C. § 794, because Burke had persisted in maintaining her § 503 claim even after the defendant's summary judgment papers had apprized her that § 504, but not § 503, provided a private cause of action. We hold that the district court's dismissal of Burke's § 503 claim was proper. *See Davis v. United Air Lines*, 662 F.2d 120, 121 (2d Cir.1981).

■ The district court next concluded that Burke's ADA claim was barred be-

cause she had failed to file a complaint with the Office of Federal Contract Compliance Programs ("OFCCP") within 300 days of the last date on which she asserts Niagara discriminated against her. On appeal, Burke maintains that her complaint was timely filed. We decline to resolve the issue because we conclude that Burke's ADA claim fails on the merits because she has failed to state a *prima facie* case of disability discrimination. *See Boy Scouts of Am. v. Wyman,* 335 F.3d 80, 90 (2d Cir.2003) (court of appeals may affirm on any ground supported by the record).

In order to make out a *prima facie* case of discriminatory discharge under the ADA, a plaintiff must show that: (1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she could perform the essential functions of the job with or without reasonable accommodation; and (4) she was discharged because of her disability. *See Reeves v. Johnson Controls World Servs.,* 140 F.3d 144, 149–50 (2d Cir.1998). "Disability" is defined under the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(i) (defining "major life activities"); 29 C.F.R. § 1630.2(j) (defining "substantially limiting impairment"). An impairment that limits an employee's ability to perform only one job is not a disability under the ADA. *See Wernick v. Fed. Res. Bank,* 91 F.3d 379, 383–84 (2d Cir. 1996).

Burke has not shown that she was disabled within the meaning of the ADA. Although it is undisputed that Burke suffers from full-fledged asthma attacks, asthma does not invariably impair a major life activity. *See Muller v. Costello,* 187 F.3d 298 (2d Cir.1999). Burke's testimony indicates that her attacks are infrequent, and that her daily symptoms can be controlled with medication. Moreover, Burke has not shown that asthma affects her ability to work in general. Although she disputes the assertion of Niagara's doctor that she could work in the Meter Shop, she does not dispute the doctor's further assertion that she could work in another environment that has reasonably clean air, which leaves a broad range of jobs open to her. Because Burke has not made out a *prima facie* case of disability discrimination, this claim was properly dismissed and summary judgment was properly granted to Niagara.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.